## (August 18, 1975)

■ EILEEN ROTH, Respondent, v WILLIAM ROTH, Appellant.—On this appeal from an order of the Supreme Court, Rockland County, entered June 13, 1975, the attorneys for the respective parties have agreed, by stipulation dated July 31, 1975, after a conference in this court before Mr. Justice Gittleson on said date, that the order be modified in a specific manner. In accordance with the foregoing, pending any determination on review by the trial court of all issues posed by said order, including the deleted decretal paragraphs referred to hereinafter, which determination shall be retroactive as of December 6, 1974, the order is modified by: (1) deleting therefrom the sixth, seventh and ninth decretal paragraphs and substituting therefor the following: (a) the defendant will pay the plaintiff the sum of $175 per week for alimony and child support; and (b) the parties will withdraw from the Westside Federal Savings and Loan Association, New York City, an amount sufficient to pay mortgage payments due for the marital residence, for the months of April, May, June and July, plus any late charges and costs, and an amount sufficient to pay the monthly mortgage payment each and every month thereafter, on the mortgage held by the Dime Savings Bank on said residence, without prejudice to a determination of the ownership of said bank account. In the event the plaintiff is deemed to be entitled to any part of the aforesaid bank accounts in the Westside Federal Savings and Loan Association, then in such event the defendant shall reimburse the plaintiff for such funds withdrawn from said accounts for mortgage payments and arrears as aforesaid up to the amount, if any, that the plaintiff would be entitled to receive as her share, if any, of the aforesaid funds in the said bank accounts; (2) striking from the tenth decretal paragraph thereof everything therein after the award of a counsel fee to plaintiff in the sum of $1,250 and adding thereto a provision that said award is not subject to review and shall be paid by the defendant after final judgment after trial, that the plaintiff or her attorney shall have the right to apply at the trial for additional counsel fees, and that, notwithstanding the provisions of said tenth decretal paragraph, the defendant shall have the right to appeal the

award of any additional counsel fees, on any ground, including constitutional grounds, but shall not be permitted to appeal said award of counsel fees in the sum of $1,250, on any grounds whatsoever; (3) deleting from the twelfth decretal paragraph thereof the words "hereinabove set forth" and substituting therefor the words "set forth in the order as modified by the Appellate Division upon the stipulation of the parties' attorneys"; and (4) adding thereto a further decretal paragraph stating that (a) plaintiff's counsel waives all rights to any fees to which he may be entitled in opposing the appeal from this order and (b) there shall be no enforcement proceeding initiated against the defendant unless he breaches the terms of said stipulation. As so modified, order affirmed, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.